# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROY CHAMBERS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV421-002 |
| ) | |
| WARDEN BROOKS L. ) | |
| BENTON, *et al*. ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Roy Chambers, Jr. filed this 42 U.S.C. § 1983 case for injuries he alleges he suffered as a result of unconstitutional conditions of his confinement at Coastal State Prison, which led to a fire. *See generally* doc. 19. Currently before the Court are the parties' opposed Motions for Summary Judgment. Docs. 36 & 39. Also before the Court are some procedural motions. Docs. 38 & 45. The briefing on all the motions is complete and they are ripe for disposition.

## BACKGROUND

As the Court has previously summarized, Chambers' claims in this case "arise from the occurrence of a fire in his dorm at Coastal State Prison." Doc. 35 at 2. He alleges "[i]n April 2020, a fire broke out," in the

dorm where he was housed at Coastal State Prison. *See* doc. 15 at 2. He alleges that the fire did not trigger any alarm and that no prison staff responded to the fire for a significant period of time. *Id.* He was exposed to smoke and suffered symptoms allegedly resulting from smoke inhalation. *Id.*

The Court screened Chambers' pleadings, pursuant to 28 U.S.C. § 1915A, and identified several viable claims. First, the Court found that Chambers had sufficiently alleged that defendants Mitchell and Awe were deliberately indifferent to his serious medical needs arising from the fire. Doc. 17 at 8-9. After Chambers supplemented his allegations, the Court found that Chambers had sufficiently alleged that defendants Benton and Mack were deliberately indifferent to the risk of a fire in Chambers' dorm. *See* doc. 19 at 7-8. It also found that he had sufficiently alleged that those defendants were deliberately indifferent to his serious medical needs, resulting from the fire. *Id.* at 8-9. Chambers' remaining claims, and several defendants, were dismissed. *See* doc. 31. Defendants appeared and answered. Doc. 29. After discovery, *see* doc. 30, all parties move for summary judgment. Docs. 36 & 39.

## DISCUSSION

Although the parties have all moved for summary judgment, Defendant Mitchell has filed a Motion that calls the status of those motions into question. Defendant Mitchell, who is represented along with all the other defendants by the Georgia Attorney General, moves to file an amended answer. *See* doc. 38. Mitchell, who was served and on whose behalf counsel answered, now contends he was not, in fact, the "Mitchell" named in Chambers' pleading. *See id.* at 1-2. Based, in part, on that mistake, Mitchell seeks to amend his Answer's admission that he was present on the night of the fire. *See* doc. 39-1 at 23; *see also* doc. 29 at 5. Chambers did not respond to the Motion at all. *See generally* docket. The deadline for seeking leave to amend pleadings was August 29, 2022. *See* doc. 30 at 1. Mitchell's Motion was not filed until December. *See* doc. 38.

Mitchell's apparent failure to appreciate the untimeliness of his Motion is a fatal defect, notwithstanding Chambers' failure to respond. The Motion cites to a single case, *Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 699 (11th Cir. 2005), concerning the factors applicable to evaluate a motion to amend. *See* doc. 38 at 2-3. However, even given the

limited scope of authority invoked, Mitchell fails to adequately acknowledge it.

The factors invoked are discussed in *Saewitz* as applicable to evaluating motions to amend under Federal Rule 15. *See* 133 F. App'x at 699 (quoting *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982)). *In the very next paragraph*, the Court of Appeals notes the effect of a motion filed after the applicable scheduling order deadline, and the implication of Federal Rule 16. *See id.* (quoting *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998.)). As in *Sosa*, Mitchell's brief "does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a)." 133 F.3d at 1419. Mitchell's failure to even acknowledge, much less address, Rule 16 and the "good cause" standard is inexplicable.

Inexplicable or not, the outcome of Mitchell's failure is absolutely clear. "Th[e] good cause standard precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal

quotation and citation omitted). If the party seeking modification, as a necessary condition to amendment, does not show diligence "the inquiry should end." *Id.* (quoting, in parenthetical, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Mitchell's failure to discuss whether his "assum[ption] that he was present in [the dorm] the night of the fire," doc. 38 at 2, constituted diligence is, quite obviously, insufficient to establish that it was. *See, e.g., Universal Physician Servs., LLC v. Del Zotto*, 842 F. App'x 350, 355 (11th Cir. 2021) (affirming denial of motion to amend answer where "defendants never sought a modification of the scheduling order and never argued that they had good cause for seeking an extension of the deadline."). Thus, Mitchell's Motion should be **DENIED**. Doc. 38.

In addition to its deficiencies, Mitchell's Motion raises a much more troubling issue for this case. This Court previously recognized that Chambers had adequately pleaded his claim that "Mitchell" was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. *See* doc. 17 at 8-9. The Court directed the United States Marshal to serve "Mitchell." *Id.* at 12. Counsel waived personal service on behalf of "Correctional Officer Mitchell" on June 30, 2022. Doc.

28. Defendant Michael Mitchell then filed an Answer.  *See* doc. 29 at 1. He now suggests that the "Mitchell" against whom Chambers pleaded a claim is, in fact, a "Herbert Mitchell."  *See* doc. 38-1 at 2.

Although Mitchell does not address it, his request to simply amend his Answer and seek summary judgment on Chambers' claim, *see, e.g.,* doc. 39-1 at 23, is, quite frankly, extraordinary.  Mitchell is, in effect, seeking to defeat Chambers' claim, whether intentionally or not, by means of a bait-and-switch.  Chambers pleaded his claim by identifying the correctional officer allegedly responsible to the best of his knowledge. That discharged his burden.  *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010).  The only reason that efforts to identify and effect service on "Corrections Officer Mitchell" ceased is because Defendant Mitchell agreed to waive service.  In short, the mistaken identity that Mitchell now argues is fatal to Chambers' claim is wholly of his, or perhaps his counsel's, making.  Mitchell and his counsel, effectively, induced Chambers to rely on their concessions that he was the proper defendant and now seek to benefit—and indeed provide a benefit to Herbert Mitchell, against whom the claim should have been

proceeding—from that reliance. Viewed in the proper light, therefore, the Court assumes it need not belabor that remedial action is necessary.

The fact remains that Chambers has adequately pleaded a claim against a defendant who, through no fault of Chambers, remains unserved. The Eleventh Circuit has held that "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service . . . ." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009); *see also, e.g., Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) ("[I]*n forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigants part."). The Court, therefore, **DIRECTS** the United States Marshal to serve "Correctional Officer Herbert Mitchell." *See, e.g.*, doc. 38-1 at 2. Copies of Chambers' Complaint, doc. 1, Amended Complaints, doc. 14 & 16, the Court's prior Order and Report and Recommendation, doc. 19, Defendants' Answer, doc. 29, and this Order and Report and

Recommendation shall be served upon Herbert Mitchell by the United States Marshal.

The need to resolve the status of the respective "Mitchells" implicates further complexities that the Court cannot address itself. *See, e.g., Garvich v. Georgia*, 2022 WL 1531701, at *1 (11th Cir. May 16, 2022) ("[T]he leniency afforded to *pro se* litigants . . . does not give a court license to serve as *de facto* counsel . . . ."). While this Court previously denied Chambers' request for appointed counsel, *see* doc. 11, the additional complexities implicated by the need to, if possible, serve Herbert Mitchell at this late date and address Defendant Michael Mitchell's attempts to withdraw his prior admissions and extricate himself from this case, alter that determination. *See, e.g.*, *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (recognizing legal complexity as a factor which might warrant assistance of counsel). This Court has statutory authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Courts, albeit none in this Circuit, have recognized that that authority may be invoked "at any point in the litigation and may be made by the district court *sua sponte*." *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). Courts have also invoked

that statutory authority for limited and specified purposes. *See, e.g., Nance v. Danley*, 2021 WL 2592931, at *4 (D.N.J. June 23, 2021). The Court will do so here.

Chambers has previously expressed his desire for counsel, but the Court denied his request for appointment of counsel because the case was not sufficiently complex. *See* docs. 8 & 11. Although, as discussed above, the posture of the case has changed, § 1915 provides that "[t]he court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). The Court will request such representation and, upon identification of counsel willing to accede to the request, enter a separate Order confirming acceptance.

To permit counsel, when identified, and Chambers an opportunity to make contact, the Court will **STAY** this case. The Clerk is **DIRECTED** to **TERMINATE** the pending summary judgment motions and related Motion to Strike, docs. 36, 39 & 45, pending service upon Herbert Mitchell and Chambers' counsel's appearance, after his or her

identification. At the conclusion of the stay, the Court will enter further instructions as appropriate.

      **SO ORDERED,** this 12th day of September, 2023.

                                              _____
                                              CHRISTOPHER L. RAY
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA